UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY STEWART,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SHAUN SETAREH and SETAREH LAW FIRM,<br><br>　　　　　　Defendants. | No. 2:25-cv-2698 DJC AC PS<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se, and the case was accordingly referred to the undersigned by E.D. Cal. 302(c)(21). Plaintiff filed a request for leave to proceed in forma pauperis ("IFP"), and submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). The motion to proceed IFP (ECF No. 2) will therefore be granted.

**I. Screening**

　A.　Standards

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly

1

baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

B.  The Complaint

Plaintiff, a citizen of California, brings suit against a California attorney and the attorney's California-based law firm. ECF No. 1 at 1-2. Plaintiff sues pursuant to 42 U.S.C.§ 1983, asserting that the attorney violated plaintiff's constitutional rights. Id. at 5. Plaintiff was represented by the defendants in a civil lawsuit against plaintiff's employer, and that lawsuit settled out of court. Id. Plaintiff alleges that the defendants have not given plaintiff the

2

settlement money.  Id.  Plaintiff reported defendants to the California State Bar Association but still has not received the settlement payment.  Id. at 7-8.

C. Analysis

This complaint must be dismissed because there is no basis for federal jurisdiction and because plaintiff fails to state a claim upon which relief can be granted.  First, plaintiff's only claims are brought pursuant to § 1983, which provides a cause of action against individuals who act "under color of law."  This generally means state and local government officials and other public employees who violate plaintiff's constitutional rights.  "A civil rights plaintiff suing a private individual under § 1983 must demonstrate that the private individual acted under color of state law."  Franklin v. Fox, 312 F.3d 423, 444 (9th Cir. 2002).

The defendants in this case are a private individual and private entity who are not alleged to have been exercising state authority.  Rather, they represented plaintiff in the context of private civil litigation and allegedly failed to give plaintiff settlement money from that civil litigation.  ECF No. 1 at 5.  The nature of this dispute does support a conclusion that defendants acted under color of state law in any way.  Accordingly, §1983 does not provide a cause of action against the defendants and plaintiff fails to state a claim upon which relief can be granted.

That plaintiff cannot maintain a federal civil rights claim regarding this private dispute requires the further conclusion that the court lacks jurisdiction.  "Federal courts are courts of limited jurisdiction."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  In 28 U.S.C. §§ 1331 and 1332(a), "Congress granted federal courts jurisdiction over two general types of cases: cases that "aris[e] under" federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a).  These jurisdictional grants are known as "federal-question jurisdiction" and "diversity jurisdiction," respectively.  Home Depot U. S. A., Inc. v. Jackson, 587 U.S. 435, 437 (2019).

The complaint asserts this court has federal question jurisdiction because plaintiff seeks relief under § 1983.  ECF No. 1 at 4.  A case "arises under" federal law either where federal law creates the cause of action or "where the vindication of a right under state law necessarily turn[s] on some construction of federal law."  Republican Party of Guam v. Gutierrez, 277 F.3d 1086,

1088–89 (9th Cir. 2002) (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id. at 1089 (quoting Rivet v. Regions Bank, 522 U.S. 470, 475 (1998)). Although the instant complaint purports to bring a federal civil rights claim, it is clear from the facts alleged that there is no plausible basis for such a cause of action. ECF No. 1 at 5. Accordingly, there is no basis for federal question jurisdiction.

Because plaintiff and defendants are all California residents, it is clear that there is no diversity jurisdiction.

Because both diversity jurisdiction and federal question jurisdiction are lacking, this court does not have jurisdiction to hear this case.

## II. Leave to Amend is Not Appropriate

Leave to amend is not appropriate in this case. Ordinarily, pro se litigants are liberally granted leave to amend. However, "[v]alid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). Here, given the defects described above, the undersigned finds that leave to amend would be futile and should therefore not be granted.

## III. Pro Se Plaintiff's Summary

The Magistrate Judge is recommending that your case be dismissed because you cannot sue private individuals who are not acting on behalf of the state for constitutional violations under § 1983. A dispute with your former lawyers over money is not a federal civil rights issue. You may object to this recommendation within 21 days, if you wish to do so.

## IV. Conclusion

Accordingly, the undersigned recommends that plaintiff's request to proceed in forma pauperis (ECF No. 2) be GRANTED but that the complaint (ECF No. 1) be DISMISSED for failure to state a claim upon which relief can be granted and for lack of federal jurisdiction, and that this case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: September 23, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE